[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEEMON JACQUES DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00401-WFJ-CPT-1

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Keemon Davis appeals his 180-month sentence imposed after Davis pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). No reversible error has been shown; we affirm.

Before Davis's sentencing, a probation officer prepared a Presentence Investigation Report ("PSI"). The PSI determined that Davis had at least three prior convictions for "serious drug offenses" and was, thus, subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). As predicate offenses for the ACCA-enhancement, the PSI identified three separate 2010 Florida convictions for the sale of cocaine. The district court imposed a sentence of 180 months: the mandatory minimum sentence under the ACCA.

On appeal, Davis challenges his designation as an armed career offender. Briefly stated, Davis contends that the ACCA's definition of "serious drug offense" was amended by the First Step Act[*] to include (in pertinent part) only those offenses for which the defendant served more than 12 months' imprisonment. Because Davis served less than 12 months on each of his 2010 Florida drug

---

[*] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

convictions, Davis says those convictions do not qualify as predicate offenses for purposes of the ACCA.

We review *de novo* questions of statutory interpretation. *See United States v. Zuniga-Arteaga*, 681 F.3d 1220, 1223 (11th Cir. 2012). When interpreting a statute, we first consider the plain statutory language, "the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* "If this analysis reveals that the provision has a plain and unambiguous meaning with regard to the particular dispute in the case and the statutory scheme is coherent and consistent, then our inquiry is complete." *Id.* (quotation omitted).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if he has three or more prior convictions for a "violent felony" or -- as in this case -- a "serious drug offense." *See* 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined in pertinent part as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *See* 18 U.S.C. § 924(e)(2)(A)(ii). The district court determined that Davis's 2010 Florida drug convictions satisfied this definition.

Davis contends that the district court erred in concluding that the ACCA's definition of "serious drug offense" remained unchanged by the First Step Act. We disagree.

Section 401(a) of the First Step Act amended expressly provisions of the Controlled Substances Act ("CSA"). In particular, section 401(a) struck the term "felony drug offense" from 21 U.S.C. § 841(b)(1) and replaced it with the term "serious drug felony." *See* First Step Act § 401(a); 21 U.S.C. § 841(b)(1). The term "serious drug felony" is defined in part as "an offense described in [18 U.S.C. § 924(e)(2)], for which . . . the offender served a term of imprisonment of more than 12 months." *See* First Step Act § 401(a); 21 U.S.C. § 802(57).

Contrary to Davis's assertion, the plain and unambiguous language of section 401(a) amends only the CSA, not the ACCA. Nor does the statutory language -- alone or viewed in context -- make clear that Congress intended the CSA's definition of the term "serious drug felony" (found in Title 21) to replace or amend the ACCA's definition of the term "serious drug offense" (found in Title 18). That some prior drug convictions might constitute predicate offenses for purposes of a sentencing enhancement under ACCA but not under the CSA does not render the statutory language ambiguous or incoherent.

The pertinent statutory language of the ACCA, the CSA, and the First Step Act are clear and unambiguous: not truly open to more than one interpretation. We must reject Davis's argument that the statutory language should be construed in his favor under

22-10229                Opinion of the Court                          5

the rule of lenity. *See United States v. Phifer*, 909 F.3d 372, 383-84 (11th Cir. 2018) ("Under the rule of lenity, when a criminal law is ambiguous, we resolve doubts in favor of the defendant.").

The district court concluded properly that Davis's Florida drug convictions qualify as predicate offenses under the ACCA's definition of "serious drug offense" and that Davis was, thus, subject to a 15-year mandatory minimum sentence.

AFFIRMED.